United States District Court
Southern District of Texas
**ENTERED**
October 28, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| WILVER ESAU CHACON SANCHEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-910 |
| | § | |
| TODD BLANCHE, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER**

Petitioner Wilver Esau Chacon Sanchez filed this habeas action while detained by Immigration and Customs Enforcement at the Port Isabel Service Processing Center in Cameron County, Texas. He contests Respondents' ability to detain him without a bond hearing under 8 U.S.C. § 1225(b)(2)(A).

Petitioner alleges causes of action based on statutory arguments under 8 U.S.C. §§ 1225 and 1226, the Due Process Clause of the Fifth Amendment, and the Administrative Procedure Act. Controlling decisions preclude the statutory and Fifth Amendment claims. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) (addressing statutory claims); *Sosnava v. Vergara*, No. 26-50183, ___ F.4th ___, 2026 WL 3181188 (5th Cir. Oct. 23, 2026) (addressing procedural and substantive due process claims).

As to Petitioner's claim under the APA, that statute can support a cause of action only when "no other adequate remedy in a court" exists. 5 U.S.C. § 704; *see also Trump v. J.G.G.*, 604 U.S. 670, 674 (2025) (Kavanaugh, J., concurring) (explaining "that habeas corpus, not the APA, is the proper vehicle" when a litigant can allege a claim in habeas); *Garibay-Robledo v. Noem*, 814 F.Supp.3d 747, 760 (N.D. Tex. 2026) (rejecting analogous APA claim). In the present case, Petitioner can and has asserted his case in habeas, precluding his reliance on the APA.

The Court finds that Petitioner is not entitled to the relief he seeks. Accordingly, it is:

**ORDERED** that Petitioner Wilver Esau Chacon Sanchez's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **DENIED**.

The Clerk of Court is directed to close this case.

Signed on October 28, 2026.

Fernando Rodriguez, Jr.
United States District Judge